IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHESTER NOEL ABING, DENNIS DUANE DESHAW, AND SUSAN KAY BROER-DESHAW, | CIV. NO. 21-00095 JAO-WRP |
| Plaintiffs, | |
| vs. | **ORDER GRANTING IN PART AND DENYING IN PART (1) OCP DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED ON SEPTEMBER 30, 2021 [ECF NO. 75]; AND (2) DEFENDANTS BRUCE B. KIM, BRADLEY R. TAMM, RYAN SUMMERS LITTLE, REBECCA SALWIN, YVONNE R. SHINMURA, CHARLENE M. NORRIS, ROY F. HUGHES, GAYLE J. LAU, JEFFREY P. MILLER, PHILIP H. LOWENTHAL, CLIFFORD NAKEA, THE HONORABLE BERT I. AYABE AND THE HONORABLE JEANNETTE H. CASTAGNETTI'S SUBSTANTIVE JOINDER AND MOTION TO DISMISS WITH PREJUDICE FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES [ECF NO. 76]** |
| JAMES F. EVERS, JOHN N. TOKUNAGA, STEPHEN H. LEVINS, LISA P. TONG, MELINDA D. SANCHES, CATHERINE AWAKUNI COLON, JO ANN UCHIDA TAKEUCHI, MICHAEL J.S. MORIYAMA, BRUCE B. KIM, BRADLEY R. TAMM, RYAN SUMMERS LITTLE, REBECCA SALWIN, YVONNE R. SHINMURA, CHARLENE M. NORRIS, ROY F. HUGHES, GAYLE J. LAU, JEFFREY P. MILLER, PHILIP H. LOWENTHAL, and CLIFFORD NAKEA, BERT I. AYABE, and JEANNETTE H. CASTAGNETTI, | |
| Defendants, both Individually and in their Official Capacities. | |

**ORDER GRANTING IN PART AND DENYING IN PART (1) OCP DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED ON SEPTEMBER 30, 2021 [ECF NO. 75]; AND (2) DEFENDANTS BRUCE B. KIM, BRADLEY R. TAMM, RYAN SUMMERS LITTLE, REBECCA SALWIN, YVONNE R. SHINMURA, CHARLENE M. NORRIS, ROY F. HUGHES, GAYLE J. LAU, JEFFREY P. MILLER, PHILIP H. LOWENTHAL, CLIFFORD NAKEA, THE HONORABLE BERT I. AYABE AND THE HONORABLE JEANNETTE H. CASTAGNETTI'S SUBSTANTIVE JOINDER AND MOTION TO DISMISS WITH PREJUDICE FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES [ECF NO. 76]**

Pro se Plaintiffs Chester Noel Abing ("Abing"), Dennis Duane DeShaw ("DeShaw"), and Susan Kay Broer-DeShaw ("Broer-DeShaw") (collectively, "Plaintiffs") are homeowners who have each faced or are facing foreclosure in state court proceedings. In February 2021, Plaintiffs filed a Verified Class-Action Complaint ("Complaint"), ECF No. 1, against various individuals affiliated with Hawaii's Office of Consumer Protection ("OCP") and Office of Disciplinary Counsel ("ODC") and two state court judges, all of whom allegedly engaged in a far-ranging conspiracy to unlawfully deprive various homeowners in Hawai'i of their homes. Plaintiffs now repeat most of the same allegations in their First Amended Verified Class-Action Complaint ("FAC"). ECF No. 74.

Defendants James F. Evers, John N. Tokunaga, Stephen H. Levins, Lisa P.

Tong, Melina D. Sanchez,[1] Catherine Awakuni Colón,[2] Jo Ann M. Uchida Takeuchi, and Michael J.S. Moriyama (collectively, the "OCP Defendants")[3] move to dismiss Plaintiffs' FAC.  ECF No. 75 ("Motion").  Defendants Bruce B. Kim, Bradley R. Tamm, Ryan Summers Little, Rebecca Salwin, Yvonne R. Shinmura, Charlene M. Norris, Roy F. Hughes, Gayle J. Lau, Jeffrey P. Miller, Philip H. Lowenthal, and Clifford Nakea (collectively, the "Disciplinary Defendants");[4] and the Honorable Bert I. Ayabe and the Honorable Jeannette H. Castagnetti (collectively, the "Judge Defendants") substantively join in the OCP Defendants' motion to dismiss.  ECF No. 76 ("Substantive Joinder and Motion to Dismiss" or "Substantive Joinder").  The Judge Defendants also move the Court to strike all the allegations against them.  *See* ECF No. 76-1 at 8–9.

---

[1]  Plaintiffs refer to Sanchez as Melinda D. Sanches in the caption of the FAC.

[2]  Plaintiffs omit the diacritical mark in the FAC.

[3]  Plaintiffs identify OCP Defendants James F. Evers, John N. Tokunaga, Stephen H. Levins, Lisa P. Tong, and Melina D. Sanchez as the "OCP Lawyers," ECF No. 74 ¶ 23(a), and OCP Defendants Catherine Awakuni Colón, Jo Ann Uchida Takeuchi, and Michael J.S. Moriyama, as the "Supervisors of the OCP Lawyers." *Id.* ¶ 23(b).

[4]  Plaintiffs identify Disciplinary Defendants Bruce B. Kim, Bradley R. Tamm, Ryan Summers Little, Rebecca Salwin, Yvonne R. Shinmura, and Charlene M. Norris as the "ODC Lawyers," ECF No. 74 ¶ 23(c), and Disciplinary Defendants Roy F. Hughes, Gayle J. Lau, Jeffrey P. Miller, Philip H. Lowenthal, and Clifford Nakea as the "Disciplinary Board Lawyers." *Id.* ¶ 23(d).

3

For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the OCP Defendants' Motion and the Disciplinary Defendants and Judge Defendants' Substantive Joinder and Motion to Dismiss.  The Court DISMISSES WITH PREJUDICE Counts IV and VII but declines to exercise supplemental jurisdiction to address the surviving state law claims.  The remaining state law claims are DISMISSED WITHOUT LEAVE TO AMEND in federal court.  The Court DENIES the Judge Defendants' request to strike the allegations against them.

## I.    Background

### A.    Facts

The facts alleged in the FAC are nearly identical to those in the Complaint but for a few exceptions.  For ease of reference, the Court repeats its fact section from the Order here and notes where an allegation is new to the FAC.

Plaintiffs are each homeowners whose homes are or have been subject to foreclosure by "Dummy Corporations" that allegedly pretended (1) to lend money to homeowners and (2) to own their mortgages, when they had no legal interest in the mortgaged properties.  ECF No. 74 ¶ 1.  Plaintiffs have been involved in seven separate lawsuits against the Dummy Corporations that have initiated foreclosure proceedings against them.  *Id.* ¶ 31.  Plaintiffs allege that the Judge Defendants wrongfully granted summary judgment to the respective mortgagees in foreclosure

cases involving Plaintiffs' respective homes, and that they routinely grant summary judgment in favor of mortgagees without evidence that the mortgagee owns the mortgage and associated note. *Id.* ¶¶ 1–3.

According to Plaintiffs, wrongful foreclosures occur because there are no longer any attorneys in Hawaiʻi who are willing and competent to represent defendants in foreclosure actions in a zealous manner. *Id.* ¶ 5. The various government officials named in the FAC (whom Plaintiffs believe are former employees of and/or attorneys for the Dummy Corporations and reference in the FAC as the "Conspirators" and to whom the Court will refer as "Defendants") have allegedly entered into a "confederacy . . . to assist the Dummy Corporations in taking thousands of homes in this State." *Id.* Defendants intimidate members of the foreclosure defense bar by disbarring its members for minor or trumped-up offenses, threatening to disbar them, subpoenaing their records, offering to bribe their former clients to complain about them, and suing them under consumer protection laws. *Id.*

Plaintiffs further allege that Defendants have acted together to "blacklist" and discriminate against homeowners like Plaintiffs who defend against foreclosure proceedings by intervening in foreclosure cases without leave of court, threatening and intimidating homeowners, harassing them by subpoenaing their records, assisting the mortgagees' attorneys, and stealing funds from one of the

5

Plaintiffs' bank accounts.  *Id.* ¶ 8.

On January 24, 2013, the ODC Lawyers and OCP Lawyers allegedly approached attorney Sandra D. Lynch, then an associate at a foreclosure defense law firm, and ordered her to "steal" 27 of the firm's clients and then stop working zealously on those clients' cases.  *Id.* ¶ 35.  As a result, most of those 27 clients lost their homes to the Dummy Corporations, and the law firm dissolved.  *Id.* Abing and DeShaw were clients of that law firm and therefore were harmed by this sequence of events.  *Id.*  Plaintiffs maintain that the Supervisors of the OCP Lawyers either authorized the theft of clients from Lynch's law firm and the subsequent break-up of the firm, or negligently failed to supervise the OCP Lawyers.  *Id.* ¶ 36.

On December 3, 2014, the ODC Lawyers filed a complaint against attorney Robert L. Stone ("Stone") that Plaintiffs describe as "malicious and selective" for the purpose for forcing Stone to resign from the State bar, thereby depriving Plaintiffs of their choice of counsel and harming them in their efforts to defend against foreclosure actions.  *Id.* ¶ 40.

The OCP Lawyers and ODC Lawyers allegedly threatened attorney R. Steven Geshell, which caused Geshell to turn on his clients and file unauthorized and inferior pleadings in foreclosure cases, including pleadings that defied Plaintiffs' clear instructions.  *Id.* ¶ 42.  The Supervisors of the OCP Lawyers

authorized the OCP Lawyers' conduct or negligently failed to supervise the OCP Lawyers. *Id.* ¶ 43.

On August 30, 2018, the OCP Lawyers intervened without leave of court in a state court foreclosure proceeding to which Abing was a party. *Id.* ¶ 30.  The OCP Lawyers subpoenaed Abing and his attorney, Keoni Agard, and questioned them both. *Id.*  Plaintiffs alleged the OCP Lawyers threatened to prosecute Abing for an unspecified felony, bullied him, attempted to bribe him "with a (fake) offer of $10,000," and ordered him to "discharge his attorney's paralegal assistant"[5] and stop defending against the foreclosure action. *Id.*  Plaintiffs maintain that the OCP Lawyers did this to trick Abing into making false statements that could be used against him in the foreclosure action. *Id.*

Plaintiffs assert that on December 10, 2018, the OCP Lawyers and ODC Lawyers threatened attorney Jason B. McFarlin, who had accepted Plaintiffs as clients, but, pursuant to instructions from Defendants, failed to represent them vigorously. *Id.* ¶ 44.  The Supervisors of the OCP Lawyers either authorized the OCP Lawyers' actions or negligently failed to supervise them properly. *Id.* ¶ 45.

On December 13, 2018, the ODC Lawyers conducted a hearing before the

---

[5]  Although not alleged in the Complaint, this "paralegal assistant" appears to be Stone based on Plaintiffs' use of this exact term to refer to Stone in their other filings. *See generally* ECF Nos. 58–60.  This observation does not affect the Court's ruling herein.

Disciplinary Board regarding a complaint against attorney Gary V. Dubin ("Dubin"), which complaint Plaintiffs allege contained trivial and false accusations. *Id.* ¶ 37. Plaintiffs allege that the purpose of the complaint was to disbar Dubin to suppress the foreclosure defense bar, thereby depriving Plaintiffs of their choice of counsel and harming them in their efforts to defend against foreclosure actions. *Id.* On February 13, 2019, the Disciplinary Board Lawyers disbarred Dubin. *Id.* ¶ 38.

Plaintiffs contend that on February 8, 2019, the OCP Lawyers again intervened in Abing's state court case by stealing $800 from his credit card account to prevent Abing from using that sum to pay his legal fees, and then stole an additional $500 on March 23, 2019. *Id.* ¶¶ 32–33. Plaintiffs assert that the Supervisors of the OCP Lawyers either authorized the OCP Lawyers' conduct or negligently failed to supervise the OCP Lawyers. *Id.* ¶ 34.

Plaintiffs allege that on October 28, 2020 the OCP Defendants sent letters to Plaintiffs offering to pay large bribes to them if they would inform and file a false complaint against "their paralegal assistant" so the OCP Lawyers could show the false complaints to other Defendants in state court. *Id.* ¶ 47. Plaintiffs contend that the purpose of this scheme was to have the paralegal removed from Plaintiffs' foreclosure cases and thereby block Plaintiffs from filing appeals to the Hawai'i Supreme Court. *Id.* The payment was never made. *Id.*

Plaintiffs further assert that the Judge Defendants work closely with the other Defendants and award "huge prizes" to the Dummy Corporations without requiring them to provide evidence of ownership in foreclosure cases, and that Judge Castagnetti gives foreclosure attorneys free rein to harass, trick, threaten, and investigate pro se defendants.  *Id.* ¶ 48.

Plaintiffs allege that the Dummy Corporations forge documents in order to prevail in foreclosure actions and did so in Abing and DeShaw's respective foreclosure actions.  *Id.* ¶ 60.  Plaintiffs state that Defendants, who are charged with protecting consumers, have taken no action to stop the alleged fraud the Dummy Corporations are perpetrating.  *Id.* ¶ 61.

New to the FAC, Plaintiffs allege that they contacted dozens of lawyers and asked them to accept this case but that they all declined.  *Id.* ¶ 69.  Plaintiffs also allege that Defendant Evers intervened in Deshaw's case to help a Dummy Corporation.  *Id.* ¶ 124.

**B.   Procedural History**

Plaintiff commenced this action by filing the Complaint on February 16, 2021, asserting the following claims against all Defendants:

- Count I – Abuse Of Power Or Malfeasance
- Count II – 42 U.S.C. § 1983:  Due Process
- Count III – 42 U.S.C. § 1983:  Threatening Homeowners
- Count IV – 42 U.S.C. § 1983:  Equal Protection

9

- Count V – 42 U.S.C. § 1985(2) and (3):  Conspiracy To Deprive Constitutional Rights

- Count VI – 42 U.S.C. § 1983:  Denial Of Access To Courts

- Count VII – 42 U.S.C. § 1983:  Failure To Intervene

- Count VIII – Malicious Prosecution

- Count IX – Civil Conspiracy

- Count X – Intentional Infliction Of Emotional Distress ("IIED")

- Count XI – 42 U.S.C. § 1986:  Action For Neglect To Prevent A Harm.

The OCP Defendants filed a motion to dismiss on April 1, 2021.  ECF No. 14.  The Disciplinary Defendants and the Judge Defendants filed a substantive joinder in the OCP Defendants' Motion and also sought dismissal on additional grounds.  ECF No. 46.  Plaintiff opposed both the Motion and the Substantive Joinder.  ECF No. 49.

The Court granted in part and denied in part the motion to dismiss ("Order").  *See* ECF No. 68.  The Order dismissed all claims and only allowed limited leave to amend Count IV (42 U.S.C. § 1983:  Equal Protection) and Count VII (42 U.S.C. § 1983:  Failure To Intervene).  *Id.* at 54–57.[6]  Specifically, the Court dismissed those counts with prejudice as to the Judge Defendants and as to the other Defendants to the extent they were acting in their official capacities and to the

---

[6]  The Court declined to rule on the state-law counts — Counts I (Abuse of Power or Malfeasance), IX (Civil Conspiracy), and X (IIED) — as to the non-Judge Defendants in their individual capacities.  ECF No. 68 at 56.

extent Plaintiffs were seeking money damages.  *Id.* at 55.  Thus, Plaintiffs had leave to amend Counts IV and VII but could not:  (1) assert those claims against the Judge Defendants; (2) seek money damages or other retrospective relief for those counts; or (3) assert any claim in violation of the statute of limitations.  *Id.* at 56.  The Court also stated that Plaintiffs "may not add parties or claims without obtaining leave of court."  *Id.*  And that "[f]ailure to comply with this Order may result in the dismissal of this action."  *Id.*

Plaintiffs largely ignored the Court's Order.  In the FAC, they reasserted the dismissed claims, changed Count III from "42 U.S.C. § 1983:  Threatening Homeowners" to "42 U.S.C. § 1985(2) and (3):  Threatening Homeowners To Deprive Them Of Equal Protection," and added a new Count XII (Fourteenth Amendment:  Equal Protection).  *See generally* ECF No. 74.

OCP Defendants now move to dismiss the FAC.  ECF No. 75.  The Disciplinary and Judge Defendants again substantively join the Motion.  ECF No. 76.  The Judge Defendants also move the Court to strike all the allegations against them.  *See* ECF No. 76-1 at 8–9.  Plaintiffs oppose the Motion.  *See* ECF No. 78.

## II.    Legal Standard

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts

alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all the allegations contained in the complaint does not apply to legal conclusions. *See id*. As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12

statements, do not suffice." *Id.* (citing Twombly, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (some alterations in original).

A claim may be dismissed at this stage on the basis that it is untimely. However, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted).  In fact, "[a] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation omitted).

## III.  Discussion

The Court will only address the two counts for which it granted Plaintiffs leave to amend:  Counts IV and Counts VII.  To the extent the FAC attempts to rehabilitate the other counts pleaded in the Complaint, it violates the Court's

explicit instructions in its previous Order.  The disposition of the other counts as described in the Order remains effective.  Similarly, the Court DISMISSES WITH PREJUDICE the newly added Count XII because Plaintiffs did not obtain leave to add a claim.  *See* ECF No. 68 at 56.

## A.    Count IV:  Equal Protection

In Count IV, Plaintiffs assert an equal protection claim under § 1983. Despite again acknowledging that they may not have a constitutional right to an attorney in all cases, Plaintiffs maintain that they have such a right in foreclosure proceedings if the Dummy Corporations also have such a right.  ECF No. 74 ¶ 104. Plaintiffs add to the FAC that Defendants apply various consumer protection statutes differently to homeowners and Dummy Corporations because they use the laws "to fine and harass and intimidate the defense bar."  *Id.* ¶ 106.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *Sampson v. County of Los Angeles ex rel. L.A. Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1022 (9th Cir. 2020) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)) (some internal quotation marks omitted).  Equal protection claims may be class-based or based on a class-of-one. *Compare Lazy Y Ranch Ltd v. Behrens*, 546 F.3d 580, 589 (9th Cir. 2008) (holding

14

that a class-based equal protection claim arises when the "law is applied in a discriminatory manner or imposes different burdens on different classes of people" (internal quotation marks and citation omitted)), *with Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that an equal protection claim may be "brought by a 'class of one[]' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" (citations omitted)).  Plaintiffs' equal protection claim appears to be class-based as Plaintiffs identify two classes that they argue Defendants treat differently in legal proceedings:  homeowners and Dummy Corporations.[7]  *See* ECF No. 74 ¶ 105.

"In analyzing Equal Protection claims, [the] 'first step . . . is to identify the state's classification of groups.'"  *Gallinger v. Becerra*, 898 F.3d 1012, 1016 (9th Cir. 2018) (quoting *Country Classic Dairies, Inc. v. Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988)) (second alteration in original).  "To accomplish this, a

---

[7]  Plaintiffs' opposition may propose an alternative classification of those homeowners who cooperate with organized crime and those homeowners (like Plaintiffs) that refuse to pay organized crime.  *See* ECF No. 78 at 8–10.  The argument seems to be a metaphor rather than an attempt to change their pleadings.  *See* ECF No. 74 ¶ 105 ("The two different classes in this case at bar are homeowners and Dummy Corporations.").  But, to the extent Plaintiffs propose a different theory for their equal protection claim, it also fails.  Plaintiffs assert no facts to support this new proposed classification and have consistently challenged Defendants' treatment of them compared to the Dummy Corporations rather than other homeowners.

plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995) (citation omitted).  After identifying a "classified group," the Court must look for a "control group composed of individuals who are similarly situated to those in the classified group in respects that are relevant to the state's challenged policy," and "[i]f the two groups are similarly situated, [the Court] determine[s] the appropriate level of scrutiny and then appl[ies] it." *Gallinger*, 898 F.3d at 1016 (citing *Freeman*, 68 F.3d at 1187; *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 966 (9th Cir. 2017)).

Plaintiffs' added allegation that Defendants apply consumer protection laws to "fine and harass and intimidate the [foreclosure] defense bar" to deprive Plaintiffs of available attorneys to benefit Dummy Corporations is insufficient to state an equal protection claim.  Reading the FAC in a generous light, Plaintiffs suggest that the various consumer protection laws create a classification of homeowners facing foreclosure.  *See* ECF No. 74 ¶ 106 (citing various consumer protection laws authorizing the state to bring enforcement actions against those who take advantage of vulnerable mortgage holders); *see also* Hawaiʻi Revised Statutes ("HRS") § 480E-1.  But the consumer protection laws do not grant Dummy Corporations any benefits.  Thus, the Court again concludes that Plaintiffs have failed to satisfy the first step of a class-based equal protection claim.  Even if

16

homeowners constitute a class and Dummy Corporations constitute a control group, Plaintiffs have not alleged any facts showing that the two groups are similarly situated.[8]

Plaintiffs' theory that Defendants deprived them of attorneys while allowing Dummy Corporations to be represented does not constitute an equal protection violation.  The two groups are distinct in significant respects.  Unlike individuals, corporations cannot appear in state or federal court in Hawaiʻi as pro se litigants.  *See* LR 81.1(b) ("Entities other than individuals, including but not limited to corporations, partnerships, limited liability partnerships or corporations, trusts, community associations, and unions, must be represented by an attorney."); *Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc.*, 60 Haw.

---

[8]  To the extent Plaintiffs are attempting to allege a selective prosecution equal protection case on behalf of attorneys or practitioners that have been targeted under the consumer protection laws, such as Stone and Dubin, they lack third-party standing because they have failed to allege a cognizable injury and have failed to allege why those attorneys cannot represent their own interests.  *See Dubin v. Sup. Ct. of Hawaii*, CIVIL NO. 21-00175 JAO-KJM, 2021 WL 4496946, at *11–12 (D. Haw. Sept. 30, 2021).  "Although courts have 'generally acknowledged a civil litigant's Fifth Amendment due process right to retain and fund the counsel of their choice,' this right applies 'only in extreme scenarios where the government substantially interferes with a party's ability to communicate with his or her lawyer or actively prevents a party who is willing and able to obtain counsel from doing so.'"  *Id.*, 2021 WL 4496946, at *12 (quoting *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039–40 (9th Cir. 2021)).  The instant situation is not one of those limited scenarios because Stone and Dubin's "disbarment *prohibits* [Stone and Dubin's] participation in Hawaiʻi state court proceedings." *Dubin*, 2021 WL 4496946, at *12.

372, 374, 590 P.2d 570, 572 (1979) ("The prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law." (citations omitted)).  That said, the *requirement* that corporations appear in court through counsel is not equivalent to a *right* to counsel.  Plaintiffs have not alleged that Defendants engaged in any affirmative efforts to provide Dummy Corporations with counsel nor is there any law providing for the appointment of counsel to plaintiffs in foreclosure actions or to corporations generally.  Plaintiffs therefore fail to state an equal protection claim.

Plaintiffs have already had an opportunity to amend their Complaint and failed to allege any additional facts.  Instead, they filed an FAC that was nearly identical to the Complaint.  That they declined to add, clarify, or modify their allegations in any substantive way demonstrates that further leave to amend would prove futile.  Count IV is DISMISSED WITH PREJUDICE.

**B.** **Count VII:  Failure To Intervene**

In the Order, the Court held that "Plaintiffs have alleged no facts showing that there was a special relationship between themselves and any . . . Defendants.  Nor have Plaintiffs alleged facts showing that the State placed Plaintiffs in danger by acting with deliberate indifference to a known or obvious danger."  ECF No. 68

at 46.  In an attempt to address these deficiencies, Plaintiffs added two paragraphs

in their FAC:

> 123.  The Fourteenth Amendment imposes a duty on agents of a State to protect individuals from their fellow agents.  For example, police officers have a duty to intercede when their follow officers violate the Constitutional rights of a suspect or other citizen — if the agents have a realistic opportunity to intercede.

> 124.  Defendant James F. Evers intervened in the case of the DeShaws to help a Dummy Corporation, without leave of court. And Evers interrogated Mr. Abing, threatened him, tried to bribe him, and ordered him to convey his home to a Dummy Corporation.  This behavior was illegal and improper. Meanwhile, Evers's sidekick (John N. Tokunaga) and their supervisors in the OCP (Catherine Awakuni Colon, Jo Ann Uchida Takeuchi, and Michael J. S. Moriyama), all of whom have a special relationship with the State, knew exactly what Evers was doing, because they were assisting him and directing him to do it.  But Tokunaga and the supervisors placed Plaintiffs into danger of suffering the loss of their homes by acting with deliberate indifference to a known or obvious danger.

ECF No. 74 ¶¶ 123–24.  Neither allegation aids Plaintiffs' case.

The first paragraph simply misstates the legal standard for when a state

official must intervene to prevent the violation of a constitutional right.  As

previously noted, "the general rule is that [a] state is not liable for its omissions."

*Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000)

(citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195

(1989)).  "As a corollary, the Fourteenth Amendment typically 'does not impose a

duty on the state to protect individuals from third parties.'"  *Patel v. Kent Sch.*

*Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (quoting *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007)) (brackets omitted).  There are two recognized exceptions to this rule:  (1) when there is a "special relationship" between the plaintiff and the state; and (2) when the state affirmatively places the plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger." *Id.* at 971–72 (citing *DeShaney*, 489 U.S. at 198–202; *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996)) (internal quotation marks omitted).

To the extent the first paragraph is an attempt to plead a special relationship between the Plaintiffs and the state, it fails.  As the Ninth Circuit explained in *Patel*, the special relationship exception "applies when a state takes a person into its custody and holds him there against his will.  The types of custody triggering the exception are incarceration, institutionalization, or other similar restraint of personal liberty."  *Patel*, 648 F.3d at 972 (citations and internal quotation marks omitted).  Plaintiff has pleaded nothing of the sort.

As to the so-called state-created danger exception, Plaintiffs claims also fail. First, Plaintiff's allegations read more like they are challenging affirmative actions rather than the failure to act.  The thrust of Plaintiffs' FAC is that Defendants are involved in a conspiracy with Dummy Corporations to deprive Plaintiffs of their homes.  Thus, instead of taking umbrage with Defendants' lack of action, Plaintiffs challenge Defendants conduct as co-conspirators.  For example, the only factual

allegation Plaintiffs added to the FAC is that Defendant Evers *intervened* in Deshaw's case and that various other Defendants assisted him and directed him to do so.  As such they have failed to plead a failure to intervene cause of action.

Even if the Court construed such allegations as Defendants' failure to act, Plaintiffs have not alleged sufficient facts to state a claim.  They have not alleged which affirmative act placed them in danger.  Nor have Plaintiffs alleged how the various Defendants knew about and were indifferent to the danger.  Without more factual detail Plaintiffs cannot state a plausible claim.[9]

Plaintiffs have failed to sufficiently amend their allegations to state a claim. And because their allegations in the FAC are virtually unchanged from those in the Complaint, they have demonstrated that any further leave to amend would be futile.  Count VII is DISMISSED WITH PREJUDICE.

## C.   **Statute of Limitations**

Even if Plaintiffs had pleaded sufficient factual detail to pursue their § 1983 equal protection and failure to intervene claims, the Court alternatively concludes

---

[9]  The Court also notes that the Ninth Circuit cases addressing the state-created danger exception mostly, if not exclusively, relate to a person's interest in bodily security or safety.  *See, e.g.*, *Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016) ("Under the state-created danger doctrine, a state actor can be held liable for failing to protect a person's interest in his personal security or bodily integrity when the state actor affirmatively and with deliberate indifference placed that person in danger.").

that those claims are barred by the statute of limitations.

Plaintiffs' § 1983 claims are subject to Hawaii's two-year statute of limitations for personal injury actions. *See* HRS § 657-7; *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711–12 (9th Cir. 1993) (explaining that the state personal injury statute of limitations governs actions under 42 U.S.C. § 1983). Therefore, Plaintiffs claims must have accrued before February 16, 2019 (two years prior to the date of the Complaint).

Plaintiffs only identify two alleged actions by non-Judge Defendants that occurred after February 16, 2019.  First, Plaintiffs allege that OCP Defendants stole $500 dollars from Abing's credit card account on March 23, 2019 to prevent Abing from paying legal fees.  ECF No. 74 ¶ 33.  But the exhibits Plaintiffs attach to the FAC belie any theft.  Plaintiff's Exhibit B includes a notice from Merchant Services of a disputed charge to GAH Law Group LLC.  ECF No. 74-2 at 2.  The dispute was initiated by Bank of Hawaii.  *Id.*  In response to the notice to GAH Law Group LLC, Abing sent a letter to Merchant Services explaining that the $500 charge was one he personally made to the GAH Law Group on January 9, 2019. *Id.* at 3.  Thus, Plaintiff's own exhibit contradicts his allegation that Defendants stole any money.  That the bank disputed the charge bears no connection to the allegations in the FAC.  Moreover, even if the Court accepted Plaintiffs' characterization of the credit card dispute as theft, why such theft amounts to a

22

denial of equal protection or a failure to intervene violation under § 1983 is not sufficiently explained.

Second, Plaintiffs allege that OCP Defendants sent letters to Plaintiffs on or about October 28, 2020, "offer[ing] to pay large bribes to the Plaintiffs . . . if they would inform against" Stone.  ECF No. 74 ¶ 47.  But again Plaintiffs have failed to link this allegation to either an equal protection or failure to intervene violation.  Standing alone this allegation cannot support Plaintiff's claims under Counts IV and VII and Plaintiffs have alleged no other facts to demonstrate that such claims accrued within the limitations period.  Thus, the Court concludes, in the alternative, that these claims are barred by the statute of limitations and that Counts IV and VII are DISMISSED WITH PREJUDICE.

**D.**   **Judge Defendants' Request To Strike Allegations**

The Judge Defendants seek an order striking all allegations of wrongdoing asserted against them because the Court ruled that they were protected by judicial immunity.  *See* ECF No. 76 at 3.  While Plaintiffs repeat the dismissed allegations against the Judge Defendants in violation of the Court's Order, the Judge Defendants have not presented any authority for their request.  Further, because the Order remains effective, the Judge Defendants are not facing any live allegations.  As such, the Court DENIES the request to strike.

E.     **Remaining State Law Claims**

The OCP Defendants urge the Court to dismiss the remaining portions of the state law claims in the FAC:  Count I (Abuse Of Power Or Malfeasance), Count IX (Civil Conspiracy), and Count X (IIED) against the non-Judge Defendants acting in their individual capacities.  ECF No. 75-1 at 29; ECF No. 68 at 56 (describing extent to which state law claims remain live).

Courts may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Courts declining to exercise supplemental jurisdiction "must undertake a case-specific analysis to determine whether declining supplemental jurisdiction 'comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity.'"  *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citation, internal quotation marks, and brackets omitted); *see City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997).  When a "'case in which all federal-law

claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise supplemental jurisdiction over the remaining state-law claims.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (alteration in original).

Here, considerations of judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction over Plaintiffs' state law claims. The Court dismissed the only claims over which it had original jurisdiction, and although the Court addressed Defendants' dispositive motions, the case is still in its earliest stages. There are no other factors compelling the Court to deviate from the common practice of declining supplemental jurisdiction when no federal claims remain. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

## IV.   Conclusion

For the foregoing reasons, the OCP Defendants' Motion and the Disciplinary Defendants' and Judge Defendants' Joinder are GRANTED IN PART AND DENIED IN PART. The Motion and Joinder are GRANTED as to Counts IV, VII, and XII. The Motion and Joinder are also GRANTED as to the state law claims to the extent the claims remained live after the Court's first Order. *See* ECF No. 68 at 56. But the Court's dismissal of the remaining state law claims is only without

leave to amend in federal court.  The Judge Defendants' request to strike included in the Joinder is DENIED.

Counts IV, VII, and XII are DISMISSED WITH PREJUDICE.

The Court declines to exercise supplemental jurisdiction over Counts I, IX, and X.  These counts are DISMISSED WITHOUT LEAVE TO AMEND in federal court.

The Court's previous Order disposes of Plaintiffs' other claims and remains effective.  *See* ECF No. 68 at 54–56.

DATED:  Honolulu, Hawaiʻi, December 21, 2021.

Jill A. Otake
United States District Judge

Civil No. 21-00095 JAO-WRP, *Abing, et. al v. Evers, et. al*; ORDER GRANTING IN PART AND DENYING IN PART (1) OCP DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED ON SEPTEMBER 30, 2021 [ECF NO. 75]; AND (2) DEFENDANTS BRUCE B. KIM, BRADLEY R. TAMM, RYAN SUMMERS LITTLE, REBECCA SALWIN, YVONNE R. SHINMURA, CHARLENE M. NORRIS, ROY F. HUGHES, GAYLE J. LAU, JEFFREY P. MILLER, PHILIP H. LOWENTHAL, CLIFFORD NAKEA, THE HONORABLE BERT I. AYABE AND THE HONORABLE JEANNETTE H. CASTAGNETTI'S SUBSTANTIVE JOINDER AND MOTION TO DISMISS WITH PREJUDICE FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES [ECF NO. 76]